AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

FILED

DEC 10 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| United States District Court | District _SOUTHERN_ | |
|---|---|---|
| Name _DWAYNE ALLEN MEYERS_ | Prisoner No. _Fo7431_ | Case No. |

Place of Confinement

_CENTINELA STATE PRISON   Po Box 901 Imperial CA 92251_

Name of Petitioner (Include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

_DWAYNE ALLEN MEYERS_

v.

'07 CV 2316 JLS WMC

The Attorney General of the State of:

| 2254 ✓ | 1983 |
|---|---|
| FILING FEE PAID | |
| Yes | No ✓ |
| IFP MOTION FILED | |
| Yes ✓ | No |
| COPIES SENT TO | |
| Court ✓ | ProSe |

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack _SUPERIOR COURT OF CALIFORNIA SAN BERNARDINO County_

2. Date of judgment of conviction _July 26 2005 -to- "August 5 2005"_

3. Length of sentence _10 YEARS_

4. Nature of offense involved (all counts) _(USED OF A DESTRUCTIVE DEVICE, I count of TERRORIST THREATS) with A ENHANCEMENT OF 5 YEARS RAN CONSECUTIVE_

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _Court OF APPEAL Fourth District Division 1 san Dieg CA_

   (b) Result _Judgment is AFFIRMED_

   (c) Date of result and citation, if known _Filed  FEB. 23  2007_

   (d) Grounds raised _CiRcumstANtial  EVIDENCE_

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court _SuPREME  CouRt  oF  CAliFoRNiA_

      (2) Result _THEY  DiD  NoT  HEAR  MY  CASE!_

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court _____

      (2) Result _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

      (2) Nature of proceeding _____

      _____

      (3) Grounds raised _____

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.       Yes ☒   No ☐
(2) Second petition, etc.    Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: MY CONVICTION WAS OBTAINED THROUGH THE PENALTY OF PEJURY BY THE MONTCLAIR POLICE DEPARTMENT.

Supporting FACTS (state *briefly* without citing cases or law) MY CASE WAS MOTION TO ACQUIT, ON ALL COUNTS, BUT DENIED, THE JURY NEVER HEARD THIS MOTION, THE MOTION IS SUPPORTED BY THE ONLOOK OWN TESTIMONY, I SEEK THE UNDERSTANDING IN HOW CAN ONLOOKER'S THAT _ WAS HIDDEN FROM MY SIGHT AND NEVER COMMUNICATED TO, WATCH ME BE VICTIMIZE AND BECOME MY VICTIM'S!

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   DONNA _____

(b) At arraignment and plea   MR DAVID L SANDERS ESQ.
8303 HAVEN AVE. RANCHO CUCAMONGA CA 91730

(6)

AO 241 (Rev. 5/85)

(c) At trial  MR DAVID L SANDERS ESQ.
8303 HAVEN AVE RANCHO CUCAMONGA CA 91730

(d) At sentencing  SAME

(e) On appeal  MR WILLIAM FLENNIKEN JR. 57 POST STREET SUITE 609
SAN FRANCISCO CA 94104

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

DEC. 3 2007
(date)

_____
Signature of Petitioner

(7)

HERE is some EXCERPT's FROM MY OPENING BRIEF,
COMPARE it TO THE ORIGINAL Police REPORT
AND WATCH THE PERJURY grow!

E039708

## COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

**Plaintiff and Respondent,**

**v.**

**DWAYNE ALLEN MEYERS,**

**Defendant and Appellant.**

*EXCERPTs FROM*

## APPELLANT'S OPENING BRIEF

### STATEMENT OF APPEALABILITY

This appeal is from a final judgment of conviction following a jury trial. That judgement finally disposes of all issues between the parties. (Penal Code section 1237)

### ISSUES PRESENTED

1.    The jury's implied finding on count 7 that appellant

-1-

possessed or used a destructive device is not supported by substantial evidence.

2.     Imposition of the DNA sample requirement pursuant to Penal Code sections 295 and 296 resulted in an illegal sentence because Proposition 69 is unconstitutional on its face insofar as it authorizes exporting California's DNA database outside the borders of the United States to any international entity.

**STATEMENT OF THE CASE[1]**

After appellant was arrested on January 29, 2005, and held to answer at a preliminary hearing on May 26, 2005, a seven-count information was filed on June 2, 2005. (1 CT 21, 32, 1 RT 51, 64) That information was subsequently amended on July 26, 2005. (1 CT 42) The amended seven-count information alleged that on January 29, 2005, appellant committed three counts of assault with a firearm in violation of Penal Code section 245, subdivision (a)(2), against Michael Fausto (count 1), Cameron James Elias (count 2), and Trina Cruz (count 3). (1 CT 42-44) The amended information also charged appellant with three counts of making terrorist threats on January 29, 2005, in violation of Penal Code section 422, by unequivocally threatening to commit a crime which would result in death or great bodily injury, with the intent that the statement be taken as a threat, and which caused sustained fear, against Michael Fausto (count 4),

---

[1] The abbreviation "CT" refers to the Clerk's transcript; "RT" refers to the Reporter's Transcript. Any deviation from this system is noted in the text where it occurs.

Cameron James Elias (count 5), and Trina Cruz (count 6). (1 CT 44-46) The amended information charged in count 7 that on January 29, 2005, appellant used a destructive device in violation of Penal Code section 12303.3, and attempted to ignite the destructive device with the intent to injure, intimidate, and terrify a person and injure and destroy property. (1 CT 47)

One prior 1981 robbery conviction was alleged as a strike under the Three Strikes law[2] and that same prior 1981 robbery conviction was realleged as a five-year serious prior conviction sentence enhancement under Penal Code section 667, subdivision (a)(1). (1 CT 47-48)

A jury was sworn to try appellant's case on July 28, 2005, and on August 5, 2005, appellant was acquitted of count 2 (assault with a firearm-Elias), count 5 (terrorist threats-Elias), and count 6 (terrorist threats-Cruz) (1 CT 53, 109, 86-91) The jury was unable to reach a verdict on count 1 (assault with a firearm-Fausto) and count 3 (assault with a firearm-Cruz). (Ibid.) Appellant was convicted on count 4 (terrorist threat-Fausto) and count 7 (use of destructive device) (Ibid.) Appellant admitted the prior 1981 robbery conviction. (2 RT 510)

After a new trial motion was denied on October 17, 2005, sentence was imposed on November 17, 2005. (1 CT 128, 130-131) The trial court struck the 1981 prior conviction under the Three Strikes law because it was ex post facto. (1 CT 132-140) The trial judge sentenced appellant to five years in state prison on count 7, the destructive device conviction, and the middle term of two

---

[2] Penal Code section 1170.12, subdivisions (e) through (d), and Penal Code section 667, subdivision (b) through (i).

years in state prison for appellant's conviction on count 4, the terrorist threats conviction, to run concurrent to the sentence imposed on count 7. (1 CT 130-131) The five-year sentence enhancement under Penal Code section 667, subdivision (a)(1), was imposed consecutive to the sentences imposed on counts 4 and 7. (*Ibid.*) Counts 1 and 3 were dismissed. (*Ibid.*)

A timely notice of appeal was filed on January 13, 2006. (1 CT 143)

### STATEMENT OF FACTS

On January 28, 2005, sometime after 7:00 p.m., appellant and his next-door neighbor, Forest Dorame, were having a drink in front of their apartments at 4761 East Canoga Street in Montclair.[3] (2 RT 333-334) While the two men were talking, a Hispanic man who resided in apartment 2 in an adjacent townhouse complex, later identified as 4751 East Canoga Street, came storming out of his apartment using foul language and told appellant and Dorame to go inside because the man's wife was asleep. (2 RT 335-336) The man was huge, six foot tall and weighing over 300 pounds. (1 RT 22-23, 36, 48) The man also claimed a gang affiliation with a gang in Fontana. (2 RT 335-336)

The man suddenly kicked appellant in the knee and appellant fell to the ground. (2 RT 346-349) Then the man beat appellant with his fists. (*Ibid.*) And when appellant got up after Dorame pulled the man off appellant, the man kicked appellant again and appellant fell to the ground again. (*Ibid.*) While

---

[3] Appellant lived in apartment 4. (1 RT 54)

appellant was on the ground, the man kicked him in the groin and tried to kick appellant in the head. (*Ibid.*)

Finally, the man got tired and ran into apartment 2 from which he had come. (*Ibid.*) A few minutes later "a couple" of the man's friends arrived and went into apartment 2. (2 RT 337, 353)

Michael Fausto and his girlfriend Trina Cruz lived at 4751 Canoga Street, apartment 3, with their two year old son (hereinafter "apartment 3." (1 RT 131-132) They, along with Camron Elias, Fausto's cousin, were watching television in the living room at about 10:00 p.m. on January 28, 2005. (1 RT 131-132, 89) When they heard yelling and moaning, the three ran upstairs to a darkened bedroom and looked out partially opened window through a small crack they made in the blinds. (1 RT 135, 148) Fausto had heard the door to apartment 2 slam. (1 RT 154-155) His neighbor in apartment 2 was a very big man. (1 RT 155)

After Fausto heard the noise and the door to apartment 2 slam, he went back downstairs and resumed watching television. (1 RT 155) Cameron Elias, however, stayed at the window and continued to watch. (1 RT 91) From his vantage point in the darkened upstairs bedroom, he saw two men walk toward the front of Canoga street, and two minutes later appellant returned alone.[4] (1 RT 91-92)

Appellant walked to a white Dodge Durango parked in a carport and removed a rifle. (1 RT 93) Then he took the rifle to a nearby laundry room and loaded it. (1 RT 93) After loading the rifle, appellant walked around in the townhouse complex

---

[4] The two men must have been appellant and Dorame.

courtyard, occasionally pointing the rifle at the window where Elias was located, although Elias did not believe that appellant could see himself and Fausto, who had returned, in the darkened room with the blinds closed. (1 RT 94-95)

Fausto called the police. (1 RT 178) Before the police arrived, appellant put the rifle inside his apartment. (1 RT 96)

Officer Michael Zerr, Montclair Police Department, and several other officers, arrived about 10:50 p.m. (1 RT 19-21) Appellant told Zerr about the attack by the large Hispanic man and officers attempted to locate appellant's assailant by knocking on the door of apartments 1, 2 and 3, at the 4751 townhouse complex. (1 RT 22-23, 26, 205, 49) A woman responded to their knock at apartment 1 and said there was no large Hispanic male there. There was no response when the officers knocked on the door to apartment 2, and at apartment 3, the officers spoke with Fausto.[5] (1 RT 49-50) Then the officers took Fausto outside to a location where appellant could see him and appellant told officers that Fausto was not the person who assaulted him. (1 RT 50-51) Appellant was adamant that people in apartment 3 were involved in the attack against him. (*Ibid.*) At that point, the officers left. (1 RT 51)

After the police left, appellant got his rifle and paraded around the townhouse complex courtyard with it, occasionally pointing it at the windows of apartment 3. (1 RT 97-98) As he

_____

[5] Although Fausto knew that his neighbor in apartment 2 was a big man, "a lot bigger than himself," he did not provide that information to police. (1 RT 49-50, 164-165, 155, 2 RT 371) He also did not inform police that he heard the door to apartment 2 slam right after appellant had been assaulted. (1 RT 154-155)

walked around, appellant was talking to Dorame and saying things like "Somebody's going to die," "They don't know who the fuck I am," and "If I shoot one, I'm going to shoot them all." (1 RT 99, 137-138, 141) This lasted about twenty minutes. (1 RT 141)

At that point, Fausto lost sight of appellant, who went "to the back" and returned about ten minutes later.[6] (*Ibid.*) When he returned, Fausto saw that appellant had "a liquor bottle and it had liquid in it, [] and it had, like, a rag hanging out the end." (1 RT 141-142) Appellant had two of them. (1 RT 101, 142) Appellant said, "I'm going to burn this motherfucker down." (*Ibid.*) Then appellant walked toward the fence surrounding the rear patio of apartment 3, and "he tipped it over. He lit one, threw it; tipped it over, lit it, and threw that one as well." (1 RT 142, 101-103) No witnesses saw the contents of either bottle ignite, nor was there any testimony or other evidence that the contents of either bottle ignited. Elias testified that there was no fire. (1 RT 123) Fausto called the police again. (1 RT 178)

Appellant returned to his apartment, took up a position in an upstairs bedroom and pointed his rifle out the bedroom window towards the upstairs windows of apartment 3. (1 RT 56, 102-103) That was where police officers found him when they arrived at about 12:06. (1 RT 52-53, 56-57, 28)

Appellant was arrested without incident. After about five

---

[6] Appellant's carport and his white Dodge Durango were visible from the upstairs window of apartment 3 because Fausto and Elias had seen appellant retrieve a rifle from the Durango and load it in the laundry room. (1 RT 93) There was no evidence that either of them saw appellant siphon any gasoline from his automobile.

-7-

minutes, appellant came downstairs to the bottom window, where he conversed with officers through the open window. (1 RT 60) Then, at Sgt. Michael Demoet's direction, Officer Zerr kicked in the front door and five officers entered and arrested appellant. (1 RT 64-65) A search of the residence, consented to by appellant's wife or girlfriend who also lived there, disclosed a loaded 30-06 rifle hidden in a bedroom closet (1 RT 33-34, 65-67)

After appellant was arrested, Officer Harden went to apartment 3 and collected pieces of broken glass and a cloth wick. (1 RT 207-208) After speaking with the occupants, he entered the patio area of apartment 3, he saw "saw broken shards of glass coming from a broken alcoholic beverage container and a burned cloth wick as well, laying on the concrete." (1 RT 207-208) There were remnants of two bottles, one gin and the other brandy. (1 RT 208) The wick was wet to the touch and the officer could smell gasoline "in it." (1 RT 211) The patio was damp with rain water because it had rained within the past two or three hours. (1 RT 72-73, 197) There were no pools of liquid on the concrete patio. 1 RT 221)

Officer Hardin put the glass fragments from the gin bottle into one paper bag and put the glass fragments from the brandy bottle into another paper bag. (1 RT 223) Then he put the wick into the paper bag with the glass fragments from the brandy bottle. (*Ibid.*) There was no smell of gasoline in the patio area apart from that on the wick. (1 RT 224-225) It was only when he got down on one knee and smelled the wick up close that he smelled the odor of gasoline. (1 RT 225) Nor did the two residents who were with Hardin on the patio when he collected the

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

**DEC 1 0 2007**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

Dwayne Allen Meyers

Unknown

FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ___
COPIES SENT TO:
Court ___

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Dwayne Allen Meyers
PO Box 901
Imperial, CA 92251
F-07431

**ATTORNEYS (IF KNOWN)**

'07 CV 2316 JLS WMC

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX**
**(For Diversity Cases Only)                FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another District (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    12/10/2007

SIGNATURE OF ATTORNEY OF RECORD